UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 17-20038

v.                                        Hon. Matthew F. Leitman

JOSEPH WILLIAMS,

        Defendant.

_____/

## **PRELIMINARY ORDER OF FORFEITURE**

1. On January 18, 2017, the United States obtained an Indictment against Defendant. (ECF No. 1). The Indictment charged Defendant with Count One, Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a); Count Two, Production of Child Pornography in violation of 18 U.S.C. § 2251(a); and Count Three, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5).

2. The Indictment contained a Forfeiture Allegation which provided notice that upon conviction of the offense charged in Count One of the Indictment, the Defendant shall, pursuant to 18 U.S.C. § 2253, forfeit to the United States the following:

    i. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252A, 2252B, or 2260, or any book magazine, periodical, film,

videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

ii. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

iii. Any property, real or personal, used or intended to be used to commit or promote the commission of such offense or any property traceable to such property.

3. On or about September 20, 2017, Defendant pleaded guilty to Count One, Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) (ECF No. 38).

4. There is a sufficient nexus to the below listed property and Defendant's Title 18 violation, and therefore, the following property is subject to forfeiture to the United States under 18 U.S.C. § 2253 (hereinafter collectively referred to as the "Subject Property"):

a) Black Emachines desktop CPU, model #T3642, s/n: XC67C 300 06906 containing Western Digital 250 GB hard drive, model #WD2500JS, s/n: WCANKL578104;

b) Black Dell Inspiron desktop CPU, model #D098. s/n: JNS1Q02 containing 500 GB Toshiba hard drive, s/n: 14Q1A8XKS;

c) Silver Argus digital camera, model #DC1510;

d) Burned DVD's, DVD recordings, viewed DVD's, loose CD-R disc, DVD-R disc, CDR-W discs and VHS tape labeled Elvis Memories;

e) Black Sandisk Micro SD card 8 GB and Sandisk Adapter;

f) Black Sandisk Cruzer Glide 32 GB thumb drive, s/n: BM150725242B;

g) Black Sandisk Cruzer Glide 128 GB thumb drive, s/n: BP151225466B;

h) Silver Vivitar mini digital camera;

i) Gray SnapCam Ion digital camera, Model No: 1045, s/n: J15000110450555510. Digital camera containing one Sandisk Micro SD card (ION camera manual included);

j) Black and yellow HTC Intruder A6366 cellular phone, s/n: HT06NR005058. Cellular phone containing 4GB Maxell Micro SD card and SIM card;

k) Black Seagate backup plus portable hard drive, model #SRD00F1, s/n: NA7X7QJQ;

l) Black Western Digital My Passport Ultra hard drive, s/n: WXC1A251XNJD; and

m) Silver Sony Cybershot digital camera 4.1 mega pixels

5. Defendant was sentenced on April 3, 2018, and his Judgment and Commitment Order was entered on the same day (ECF No. 45). Consistent with the

agreement of the parties, the Judgment and Commitment Order reflects forfeiture of the items listed in the Rule 11 Plea Agreement at page 9. However, due to an inadvertent oversight, no preliminary order of forfeiture was requested by the government and, consequently, no order of forfeiture was entered by the court, as required by Fed.R.Cr.P. 32.2(b).

6. The Defendant will not be prejudiced by entry of the *ex post* entry of a Preliminary Order of Forfeiture. Defendant did not object to the forfeiture of the Subject Property at sentencing, and forfeiture is properly referenced in the Judgment. Pursuant to Fed.R.Cr.P. 36, which provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct error in the record arising from oversight an omission," entry of a Preliminary Order of Forfeiture in this matter is appropriate. The order of forfeiture vests legal title of the Subject Property to the United States and also authorizes the government to dispose of the firearms according to law, which includes publication of the forfeiture and opportunity for third parties to file a claim.

NOW, THEREFORE, based upon 18 U.S.C. § 2253, Defendant's Title 18 conviction, the contents of Defendant's written plea agreement, the Application for Entry of Preliminary Order of Forfeiture, and Federal Rules of Criminal Procedure 32.2(e) and 21 U.S.C. § 853, and other information in the record:

IT IS HEREBY ORDERED that Defendant hereby forfeits to the United States any and all interest he may have in the Subject Property pursuant to 18 U.S.C. § 2253.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on [www.forfeiture.gov](http://www.forfeiture.gov), notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also,

to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the firearm shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764